# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KARA BAKER,**

        **Plaintiff,**

**v.**                                              **Case No:   6:17-cv-1456-Orl-40KRS**

**PARK PLACE SURGERY CENTER,**
**L.L.C., SURGERY PARTNERS, LLC,**
**SGRY SP MANAGEMENT SERVICES,**
**INC., LAKE MARY SURGERY CENTER,**
**L.L.C. and NOVAMED SURGERY**
**CENTER OF ORLANDO, LLC,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND AWARD SANCTIONS (Doc. No. 51)**
>
> **FILED:**     **July 9, 2018**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

In her Third Amended Complaint, Plaintiff, Kara Baker, asserts that Defendants failed to pay her overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* She also alleges that Defendants retaliated against her for engaging in activity protect under the FLSA.  Doc. No. 39.

Baker now asks the Court to compel the production of electronically stored information ("ESI") responsive to Request 21 of her Second Set of Requests for Production, which reads as follows:

> All documents indicating hours worked by Plaintiff; including time cards, time reports, logs, calendars, notations, emails, reports, facsimile, correspondence or lists showing time worked by Plaintiff during Plaintiff's employment with Defendant. This request includes any document which indicates any days or hours worked by Plaintiff or calculations of Plaintiff's hours, overtime hours, or any type of shortage or overage of time worked for any day, week, month, or ongoing calculation of time by Defendant regarding Plaintiff[']s hours worked. This also includes computer printouts, videos, pictures, anything evidencing Plaintiff[']s hours worked, and documents in Defendant's possession, custody, or control from non-parties.

Doc. No. 51, at 2.[1] Defendants responded with a number of objections. Following those objections, Defendants stated: "Without waiving the foregoing objections and in good faith resolution of the same, Defendant states: *see* documents previously produced [identified by number]." *Id.*

The present dispute involves production of ESI responsive to Request 21 that was recovered from two laptop computers used by Plaintiff to work remotely (the "Laptop Computers").[2] Pursuant to an agreement between counsel, these electronic devices were examined by Sylint Group, a digital data forensics firm. The production from Sylint was not requested early enough in the litigation for the ESI on the Laptop Computers to be produced to Defendants and for Defendants to disclose responsive ESI to Plaintiff before the close of discovery on July 9, 2018. As of the writing

---

[1] While this request refers to only one Defendant, in the response to the motion to compel Defendants state that Plaintiff served requests for production of documents on all five Defendants. Doc. No. 56, at 4. Therefore, I assume for purposes of this Order that Request 21 was served on all Defendants.

[2] Counsel ask the Court to dive into a rabbit-hole chasing arguments about whether a Request for Copies is a discovery request that may be the subject of a motion to compel and whether counsel have exhausted good faith attempts to resolve this dispute without Court intervention. The Court declines the invitation to journey to Wonderland in order to resolve what is, at bottom, a straight-forward discovery dispute. *See* LEWIS CARROLL, ALICE'S ADVENTURES IN WONDERLAND.

of the motion, Defendants had not produced ESI recovered from those laptops that was responsive to Request 21. In the response to the motion, Defendants provided no information about when responsive information would be forthcoming or a statement that no responsive information was found.

Federal Rule of Civil Procedure 26(e) requires Defendant to supplement discovery "in a timely manner" or as ordered by the Court. Defendants do not argue that they should not be required to supplement their production of ESI responsive to Request 21 based on any of the myriad objections they made to that request. Therefore, they have abandoned those objections. *See Platypus Wear, Inc. v. Clarke Modet & Co., Inc.*, No. 06-20976-CIV, 2007 WL 4557158, at *2–3 (S.D. Fla. Dec. 21, 2007).

Because the dispositive motion deadline is fast approaching on August 7, 2018, expedited supplementation of discovery responsive to Request 21 is necessary. Accordingly, the motion is **GRANTED in part**. It is **ORDERED** that Defendants shall produce to counsel for Plaintiff ESI recovered from the Laptop Computers that is responsive to Request 21 on or before July 31, 2018. Defendants may not assert objections to the supplemental production because those objections have been abandoned, as discussed above.

The motion for an award of sanctions is **DENIED without prejudice.** Plaintiff may file a renewed motion for sanctions following the completion of the supplemental production. In a renewed motion for sanctions, Plaintiff shall identify with specificity the prejudice she suffered by the belated production of ESI recovered from the Laptop Computers.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE