# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KARA BAKER,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No:　6:17-cv-1456-Orl-40KRS**

**PARK PLACE SURGERY CENTER,
L.L.C., SURGERY PARTNERS, LLC,
SGRY SP MANAGEMENT SERVICES,
INC., LAKE MARY SURGERY CENTER,
L.L.C. and NOVAMED SURGERY
CENTER OF ORLANDO, LLC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT (Doc. No. 74)** |
| **FILED:** | **December 11, 2018** |

**I.　BACKGROUND.**

Plaintiff, Kara Baker, initiated this action in state court on July 13, 2017. Doc. No. 2. The case was removed to this Court on August 7, 2017. Doc. No. 1. Baker filed her third amended complaint ("complaint") on January 10, 2018. Doc. No. 39. In her complaint, Baker alleged that Defendants—Lake Mary Surgery Center, L.L.C.; Novamed Surgery Center of Orlando, LLC; Park Place Surgery Center, L.L.C.; SGRY SP Management Services, Inc.; and Surgery Partners, LLC— violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *Id.* In Count I, she

alleged that Defendants violated the overtime provisions of the FLSA. *Id.* ¶¶ 28-35. In Count II, she alleged that Defendants violated the FLSA by terminating her employment in retaliation for complaining about Defendants' violations of the FLSA. *Id.* ¶¶ 36-40.

The parties proceeded through discovery, after which Defendants filed a motion for summary judgment. Doc. No. 59. The Court granted that motion as to Count II (the FLSA retaliation claim) but denied it as to Count I (the FLSA overtime claim). Doc. Nos. 70, 71. Thus, Count I is the only remaining claim in the case.

The parties have informed the Court that they have settled this case and filed a motion asking the Court to approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 74. They attached a copy of a fully-executed settlement agreement to their motion. Doc. No. 74-1. In the motion, they stipulate to an order approving their settlement and dismissing this case with prejudice. The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III. ANALYSIS.

#### A. *Whether the Settlement Agreement is a Compromise.*

Under the terms of the parties' settlement agreement, Defendants will pay Plaintiff $77,000, allocated as follows: (1) $11,000.00 for alleged unpaid overtime wages; (2) $11,000 for alleged liquidated damages; and (3) $55,000.00 for attorneys' fees and costs. Doc. No. 74-1 ¶ 1. In her amended answers to Defendants' interrogatories, Plaintiff claimed to be entitled to $10,801.94 in unpaid overtime wages and $10,801.94 in liquidated damages, for a total of $21,603.88.[2] Because Plaintiff will receive more than $21,603.88 in the settlement, I recommend that the Court find that Plaintiff has not compromised her claims within the meaning of *Lynn's Food*.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[2] A truncated version of the spreadsheet supporting this claim was filed as Doc. No. 63-1. At my direction, the parties also submitted a USB drive with what they represented was the original version of the spreadsheet that was incorporated into Plaintiff's amended interrogatory responses and originally filed as pages 24-73 of Doc. No. 63-1. The spreadsheet on that USB drive includes the figures cited, above. The spreadsheet is available for the Court's review.

### B.     *Attorneys' Fees and Costs.*

Under the settlement agreement, Plaintiff's counsel will receive $55,000.00 in attorneys' fees and costs.   Doc. No. 74-1 ¶ 1(c).   Because Plaintiff has received all of the FLSA compensation arguably due, the amount of attorneys' fees and costs paid under settlement agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case.   Accordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorneys' fees and costs to be paid are reasonable.   *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

### C.     *Whether the Settlement is Fair and Reasonable.*

As noted above, Plaintiff is not compromising her claims.   Thus, under *Lynn's Food*, the Court is not required to consider whether the settlement is fair and reasonable and need not approve the parties' settlement agreement.   In an abundance of caution, however, I have reviewed the parties' settlement for fairness.     On this point, I note that the presiding District Judge in this case has held: "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA."   *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at * 1, 4 (M.D. Fla. April 3, 2015) (citations omitted); *see also Dyson v. Magnolia 3269A, Inc.*, No. 6:18-cv-270-Orl-40KRS, Doc. No. 12 (M.D. Fla. May 15, 2018), *report and recommendation adopted by* Doc. No. 14 (M.D. Fla. May 29, 2018) (finding a settlement to be fair and reasonable where plaintiff did not compromise her claims).   Based on that conclusion and the fact that Plaintiff will receive full compensation for her claims, I recommend that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

However, the parties' settlement agreement includes one term that is unenforceable. Specifically, Paragraph 12 of the agreement provides: "PLAINTIFF and DEFENDANTS further agree that this Agreement shall not be modified except through a writing signed by each of the Parties hereto." Doc. No. 74-1 ¶ 12. This provision contemplates that the settlement agreement may be modified in writing by the parties. The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. That said, Paragraph 13 of the settlement agreement contains a severance clause. *Id.* ¶ 13. Therefore, I recommend that the Court sever Paragraph 12 from the settlement agreement.

### IV.  RECOMMENDATIONS AND ORDER.

Based on the foregoing, I respectfully **RECOMMEND** that the Court:

1. **GRANT** the Joint Motion to Approve the Parties' Settlement (Doc. No. 74) **in part**;

2. **SEVER** Paragraph 12 of the parties' settlement agreement (Doc. No. 74-1 ¶ 12);

3. **FIND** that the parties' settlement agreement (Doc. No. 74-1), as modified above, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

4. **DISMISS** this case with prejudice;

5. **PROHIBIT** Plaintiff's counsel from withholding any portion of the $22,000.00 she is to receive under the settlement agreement pursuant to a contingency agreement or otherwise; and,

6. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 12, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy